Jueces concurrentes : Presidente Quiñones y Asociados, Hernandez, Figueras, Sulzbacher y MacLeary.

---

EL PUEBLO *v.* RAMOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 7.—Resuelto en Mayo 1, 1903.

TRASLADO DE CAUSAS.—APELACIÓN.—Las resoluciones dictadas por las Cortes de Distrito negando el traslado de causas criminales á otro Tribunal, no son apelables para ante el Tribunal Supremo de Puerto Rico.

ID.—RECURSO CUANDO SE DENIEGUE UN TRASLADO DE CAUSAS.—PLIEGO DE EXCEPCIONES.—En los casos en que una moción solicitando el traslado de una causa fuere denegada, los acusados tienen el recurso de tomar excepción á la decisión del Tribunal, y esa excepción debe consignarse después en un pliego de excepciones, formulado y firmado una vez dictada la sentencia, en el caso de que la misma fuere condenatoria y de ella se deseare apelar.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramos, (Juan R.)*

---

## THE PEOPLE *v.* RAMOS.

### APPEAL from the District Court of Arecibo.

No. 7.—Decided May 1, 1903.

APPEALS.—CHANGE OF VENUE.—An appeal taken before final judgment from a decision refusing to grant a change of venue will not be considered.

REFUSING TO GRANT CHANGE OF VENUE.—REMEDY.—BILL OF EXCEPTIONS.— The proper remedy when a motion for a change of venue is denied is to enter an exception to the ruling of the court, to be embodied in a bill of exceptions, settled and signed after judgment of conviction, if an appeal is desired.

The facts are stated in the opinion.

*Mr. Ramos (Juan R.),* for appellant.

Abogado del apelado: *Sr. del Toro*, Fiscal.

EL JUEZ ASOCIADO SR. MACLEARY emitió la siguiente opinión del Tribunal:

En esta causa se acusó al apelante de haber infringido la Ley Electoral. Se alega que la ofensa se cometió en 28 de Octubre de 1902, y consiste en haberse entregado por el acusado un documento privado, traspasando terrenos á un tal Vidal Robles, con el objeto de ilegal y fraudulentamente poner á Robles en una posición, en la cual pudiera inscribirse como elector. Este delito se describe y pena en el artículo 144 del presente Código Penal. Se alega que Robles se presentó en 28 de Octubre último, en el Colegio No. 51 de la Municipalidad de Manatí, y obtuvo, por medio del traspaso ilegal y fraudulento, ántes citado, el derecho de inscribirse como elector en aquel precinto, contra la forma del estatuto para tales casos, hecho y proveido y contra la paz y dignidad del Estado. El acusado fué llevado ante el Tribunal de Distrito de Arecibo, y sostuvo que era inocente. Su representante compareció é hizo una moción sosteniendo por una declaración jurada, que no podía obtener un juicio justo é imparcial ante aquel Tribunal, y pidió que se traspasara la causa al Tribunal de Distrito de San Juan. Dicha moción fué denegada y renovada, y volvióse á denegar. Se citó al acusado para que presentara pruebas sobre el asunto, y rehusó hacerlo, diciendo que su declaración jurada era todo lo que exigía la ley. En apoyo de esta proposición legal se refiere el abogado al párrafo 1 del artículo 171 del Código de Enjuiciamiento Criminal y al artículo 172 del mismo. El Tribunal de Distrito, después de considerar cuidadosamente la causa, denegó al peticionario su solicitud para que se traspasara la causa á otro Tribunal, y le informaron que tenía el derecho de pedir un juicio por jurado. Habiendo terminado el tiempo de su elección en ese asunto, se citó el día 23 de Enero para el juicio. El acusado compareció por mediación de su representante, é interpuso recurso de apelación para ante este Tribunal, bajo la antigua

*Mr. del Toro*, Fiscal, for respondent.

MR. JUSTICE MACLEARY delivered the following opinion of the court:

In this case the appellant was accused of having violated the election law. It is alleged that the offense was committed on the 28th of October, 1902, and consisted in the delivery by the accused of a private document whereby lands were conveyed to one Vidal Robles, for the purpose of placing said Robles in a position where he could register as a voter. This offense is described and punished in Section 144 of the present Penal Code. It is alleged that Robles presented himself on the 28th of October last at the voting place No. 51 of the municipality of Manatí and through the aforesaid illegal and fraudulent conveyance secured the right to register in that precinct, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State. The accused was brought before the District Court of Arecibo and he pleaded not guilty. His counsel appeared and made a motion, supported by affidavit, alleging that he could not obtain a fair and impartial trial in that court, and asking that the cause be removed to the District Court of San Juan. Said motion was denied and, being renewed, was again denied. The accused was summoned to furnish evidence in the matter, which he refused to do, claiming that his affidavit was all that the law required of him. In support of this legal proposition counsel refers to paragraph 1 of section 171 of the Code of Criminal Procedure and to section 172 of the same code. The district court, after careful consideration of the case, denied the petitioner's motion for removal of the cause to another court, and the accused was informed that he had a right to ask for a trial by jury. The time for his election in this matter having expired, the trial was set for the 23rd of January. The accused appeared through his counsel and entered an appeal to this court under the old Law of Criminal Procedure, alleging

Ley de Enjuiciamiento Criminal, alegando que estaba auto-rizado por el artículo 534 de dicha Ley, y refiriéndose á la Orden General No. 118; alegando, además, la infracción del primer párrafo del artículo 171 del Código de Enjuiciamiento Criminal, ahora vigente, combinando así los dos Códigos y queriendo beneficiarse por el sistema antiguo, así como por el nuevo. También hace referencia al artículo 345 de la presente Ley de Enjuiciamiento Criminal. El Tribunal de Distrito, por voto de la mayoría, admitió el recurso y ordenó se prepararan los documentos apropósito. Uno de los Jueces, el Hon. Otto Schoenrich, presentó su voto particular, el cual, en lo pertinente, dice así:

"Obligado á disentir de la opinión de la mayoría, opinó que el escrito del Sr. Ramos está completamente fuera de orden, pues según el artículo 345 del Código de Enjuiciamiento Criminal, solo puede apelarse en casos de felony, sobre cuestiones de derecho, y de la manera que prescribe el Capítulo I Título IX. Todas las apelaciones que no estén conformes á lo que dicho Capítulo determina, son nulas. Según el artículo 347, el acusado puede apelar de sentencia condenatoria definitiva, y de una providencia denegando una petición para la celebración de un nuevo juicio, y de una providencia después del fallo, que afecte los derechos sustanciales de la parte. En ningún otro caso puede apelarse. En este caso no se ha celebrado juicio, por consi-guiente, según el artículo 347, la apelación es nula. La Ley es clara, y no hay que acudir á la jurisprudencia para su interpretación, pero si á ella fuéramos, consultaríamos la jurisprudencia americana, y ella nos demuestra que en ningún Estado se admitiría una apelación antes del juicio. En este mismo Tribunal se denegó, en la causa contra Virgilio Ramos, una petición para el traslado de la causa. El abogado presentó escrito de apelación y esta también fué denegada. El tomar apelaciones antes del juicio prolongaría el procedimiento. Esta causa es un ejemplo. Estaba señalada para dentro de dos días y esta apelación la prolongará más. El acusado tiene tres medios cuando se siente agravado por una resolución del Tribunal; presenta su decla-ración de excepciones, y con ella, después de dictarse la sentencia, si es con-denatoria, establece su apelación. En razón de lo expuesto, opino que debe denegarse la apelación."

En el recurso ante este Tribunal, el acusado fué represen-tado por su abogado, y el Pueblo fué representado por el Fiscal. La negativa del Tribunal de Distrito de conceder un traslado *de resolución,* es una providencia contra la cual

that the appeal was authorized by article 534 of said law, and referring to General Order No. 118; he also alleged a violation of paragraph 1 of section 171 of the Code of Criminal Procedure, now in force, thus combining the two codes and seeking by this means to be benefited by both the old and the new system. He also refers to section 345 of the present Code of Criminal Procedure. The district court, by a majority vote, allowed the appeal and ordered the proper documents to be prepared. One of the Judges, the Hon. Otto Schoenrich, filed a dissenting opinion which in the portion pertinent hereto reads:

"I am obliged to dissent from the opinion of the majority, my opinion being that Ramos' petition is entirely out of order, for according to section 345 of the Code of Criminal Procedure, appeals may be taken on questions of law alone, and in the manner prescribed in Chapter I, Title IX. All appeals which do not conform to the provisions of said chapter, are void. According to section 347, the defendant may appeal from a final judgment of conviction and from an order denying a motion for a new trial, and from an order made after judgment, affecting the substantial rights of the party. In no other case can an appeal be taken. In the case at bar no trial has been held, wherefore, pursuant to section 347, the appeal is void. The law is clear, and there is no need of resorting to jurisprudence for its interpretation, but were we to do so, we should consult American jurisprudence, and it shows that in no state would an appeal be allowed before the trial. In this same court, in the case against Virgilio Ramos, a petition for the removal of the cause to another court was denied. The taking of appeals before trial would prolong the proceeding. This case is an example. It was set to be heard within two days and this appeal will further prolong it. The defendant has three remedies when he feels aggrieved by a decision of the court. He files his bill of exceptions, and with it, after judgment has been rendered, if convicted, he files his appeal. For the foregoing reasons I am of opinion that the appeal should not be allowed."

On appeal to this court the accused was represented by his attorney and the People by the Fiscal. The order of the district court refusing to grant a removal of the cause is a decision from which no appeal can be taken to this court. Section 347 describes the orders and judgments from which the defendant may take an appeal, and they are as follows: First.—From a final judgment of conviction. Second.—From

no puede interponerse recurso de apelación ante este Tribunal. La Sección número 347 describe los autos y sentencias contra las cuales el acusado puede interponer recurso de apelación, y son las siguientes: Primero: de una sentencia condenatoria definitiva; Segundo: de una providencia denegando una petición para la celebración de nuevo juicio; Tercero: de una providencia dictada después del fallo que afecta los derechos sustanciales de la parte. Estos son los únicos casos en que puede interponerse un recurso de apelación contra una sentencia de un Tribunal de Distrito para ante este Tribunal, á instancia del acusado, y se demuestra claramente, que la causa que pende ante este Tribunal no se comprende bajo ninguna de éstas cláusulas. El remedio apropósito para el acusado, cuando su moción para el traslado le fué denegada, era el de presentar excepción á la decisión del Tribunal, la cual debía consignarse en un escrito de excepciones, formulado y firmado después de la sentencia firme, en el caso de que se decidiera la causa en su contra, y aún deseara apelar. Esta es la práctica universal en los Tribunales Americanos, y en el Estado de California, de cuyo Estado, el presente Código de Enjuiciamiento Criminal, en gran parte, se ha tomado. En vista de que no ha lugar á un recurso de una providencia de este carácter, de uno de los Tribunales de Distrito para ante este Tribunal, el presente recurso debe declararse sin lugar, con las costas al recurrente, y así procede se dicte la sentencia.

*Sin lugar.*

Jueces concurrentes, Sres. Presidente, Quiñones y Asociados, Hernández, Figueras y Sulzbacher.